CHARLES GOLDENGAY

*v.*

CHARLES H. SMITH.

[Filed November 12th, 1901.]

1. A bill to enforce payment of a specified sum out of money claimed to be due from defendant to a person who had contracted with him to erect certain buildings, the complainant's right to which sum was charged to have arisen from an equitable assignment thereof by an order, drawn by the contractor. upon defendant requiring him to pay complainant that sum from money due or to become due to the contractor in accordance with the terms of the contract and duly presented to the defendant, must show that the contractor had so performed his contract that, but for the order, he could recover the sum from the defendant.

2. If the bill is defective in that respect, the defect is sufficiently pointed out by a general demurrer for want of equity.

3. *Quære.* Whether such an order will operate as an equitable assignment of money due to the contractor not upon the contract, but by reason of the actual acceptance of the buildings by defendant; but, if so, the bill must charge that money had thus become due to the contractor which he could recover in *assumpsit* or on a *quantum meruit.*

On demurrer to bill.

*Mr. Samuel F. Bigelow,* for the defendant.

*Mr. Sylvester M. Cooley,* for the complainant.

MAGIE, CHANCELLOR.

The demurrer to the bill in this cause is general, and states no other ground for demurrer than want of equity.

Under rule 209 this will constitute a sufficient specification of the ground of demurrer, when, upon looking at the bill, complainant's right to relief is doubtful or uncertain, but if the defect of the bill is obscure or latent to such an extent that the court, on inspecting the bill, cannot readily discern it, it will

be an insufficient statement of the ground of demurrer. *Essex Paper Co.* v. *Greacen, 18 Stew. Eq. 504; Van Houten* v. *Van Winkle, 1 Dick. Ch. Rep. 380.*

The purpose of the bill is to enforce a claim of complainant upon a fund alleged to be in the hands of defendant, to which complainant claims a right by an equitable assignment from a contractor to whom the defendant is indebted. The charges of the bill are that defendant contracted with one Lyons for work to be done and materials to be furnished in the erection of two buildings, and agreed that upon Lyons performing the contract according to its terms, defendant would pay him $1,900, in various payments as the work progressed, the last payment of $700 to be made when the buildings were completed and accepted. The payments were to be made on the written certificate of an architect that they had become due. The contract was duly filed in the clerk's office. Complainant furnished Lyons materials which were used in the erection of the buildings, and on June 1st, 1899, Lyons gave an agent of complainant an order signed by Lyons and directed to defendant, ordering him to pay to complainant from money then due, or that should thereafter become due to Lyons in accordance with the terms of the contract, $400. The order was, on the same day, presented to defendant, who refused to accept or to pay the same. On June 26th, 1899, the architect certified, in writing, that the buildings were completed in accordance with the terms of the contract, and Smith thereupon accepted said buildings, and on the 27th day of June, 1899, the order was again presented to Smith, who refused to pay it. It is further charged that Smith has in his possession the sum of $700, the final payment upon the contract, or so much thereof as is sufficient to pay the $400 mentioned in said order.

To support the claim made in this bill, its charges must disclose an order drawn upon a particular designated fund, which fund had become available so that, in the absence of an assignment, it could be recovered by the assignor. *Bernz* v. *Marcus Sayre Co., 7 Dick. Ch. Rep. 275; Bradley Currier Co.* v. *Bernz, 10 Dick. Ch. Rep. 10.*

The question then is, whether the bill discloses that at the

time this order was given by Lyons to complainant, or at the time when it was presented to defendant and payment requested, Lyons, if he had not made the order, could have recovered the fund from the defendant. To support his claim in an action, Lyons would be obliged to prove the contract, its performance by him and the certificate by the architect, if by the contract that was made a condition precedent to payment.

The bill discloses a contract to erect the buildings. It fails to aver that the buildings had been erected. The only statement in reference to the fact of the completion of the contract is that the architect certified that it had been completed, but this is, obviously, not a sufficient statement. If Lyons were suing defendant, he would be obliged to prove that the buildings were erected according to the terms of the contract, and it would not be sufficient to show that the architect had certified that the buildings were completed, unless the contract made the architect an arbiter whose adjudication would bind the parties. There is no allegation in the bill that the contract contained any such provision. The bill, therefore, is defective in respect to the disclosure of sufficient facts indicating Lyons' right to recovery upon the contract.

The deficiency in the respect above pointed out is not made up by the statement in the bill that defendant had accepted the buildings. When a contract for building has not been so performed that a recovery can be had upon it, a recovery in *assumpsit* for work done and materials furnished in the erection will be permitted when the owner has actually accepted the building erected. *Bozarth* v. *Dudley, 15 Vr. 312.* But the allegation that the defendant had accepted the buildings does not require the inference that he thereby admitted that they had been completed according to the terms of the contract, and the order given by Lyons relates to moneys that should become due upon the performance of the contract.

If complainant intended to claim that such an order as was given by Lyons operated as an equitable assignment of any money which Lyons might become entitled to recover from defendant, upon a *quantum meruit,* for work done or materials furnished in the erection of the buildings, although not in accordance with

the terms of the contract (as to which claim no opinion is intended to be expressed), the bill should have distinctly averred that Lyons had become entitled to such money.

The result is that the demurrer must be sustained.